http://www.va.gov/vetapp16/Files5/1639927.txt

Citation Nr: 1639927 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 07-01 276 ) 
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUES

1. Entitlement to a rating in excess of 10 percent for residuals of a left knee operation with degenerative changes.

2. Entitlement to an initial rating in excess of 10 percent for recurrent subluxation of the left knee. 

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Charles A. Bates, Associate Counsel

INTRODUCTION

The Veteran served on active duty for training (ACDUTRA) from March 1964 to August 1964. 

These matters come before the Board of Veterans' Appeals (Board) from a June 2005 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. This case has been subject to several Board remands and decisions. In September 2013, the United States Court of Appeals for Veterans Claims (Court) issued a Memorandum Decision, which vacated and remanded to the Board the issues of increased ratings for the Veteran's left knee disability. See Phillips v. Shinseki, No. 12-1044, 2013 WL 5410068 (Vet. App. Sept. 27, 2013).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014). The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Board notes that in September 2016, the Veteran underwent a VA examination regarding his entitlement to a statutory housebound award. See VA examination, 1-2 (Sept. 23, 2016). Evidence from this examination could prove directly relevant to the Veteran's present increased rating claims. See, e.g., Appellant Brief, 4 (Sept. 14, 2016).

Although the AOJ associated the examination findings with the claims file, the record does not show whether it considered this new evidence. The AOJ did not issue a supplemental statement of the case following its receipt of the new evidence. As the Veteran has not waived his right to have the AOJ initially consider the previously discussed evidence, the claim must be remanded for AOJ consideration. See 38 C.F.R. §§ 19.31, 19.37.
Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

The AOJ should readjudicate the Veteran's claims of entitlement to an increased rating for residuals of a left knee operation and an increased initial rating for subluxation of the left knee. The AOJ should specifically consider the findings of the new VA examination. 

If the determination of the claim remains unfavorable, the AOJ should furnish the Veteran a supplemental statement of the case and give him an appropriate opportunity to respond before this case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).